**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **U-HAUL INTERNATIONAL, INC.; and U-HAUL CO. OF NEW HAMPSHIRE, INC.,** )<br>)<br>)<br>) | |
| **Plaintiffs,** ) | Case No.: |
| ) | |
| **v.** ) | JURY TRIAL DEMANDED |
| ) | |
| **MORGAN DEVELOPMENT CORPORATION D/B/A MORGAN STORAGE and MORGAN SELF STORAGE; CHARLES MORGAN and LAURA MORGAN** )<br>)<br>)<br>)<br>) | |
| **Defendants.** ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, BREACH OF CONTRACT, DECLARATORY JUDGMENT, AND PRELIMINARY AND PERMANENT INJUNCTIONS**

**PARTIES AND JURISDICTION**

1.      Plaintiff, U-Haul International, Inc. ("U-Haul International"), is a Nevada corporation with its principal place of business in Phoenix, Arizona.  Plaintiff, U-Haul Co. of New Hampshire, Inc., ("U-Haul Co. of New Hampshire") is a New Hampshire corporation with its principal place of business at 515 South Willow St. in Manchester, New Hampshire.  U-Haul Co. of New Hampshire is a wholly-owned subsidiary of U-Haul International.  U-Haul International and U-Haul Co. of New Hampshire are referred to herein collectively as "Plaintiffs" or "U-Haul".

2.      Upon information and belief, Defendant, Morgan Development Corporation, is a New Hampshire corporation in good standing with its principal place of business at 8 Willow Street, Salem, New Hampshire.  Morgan Development Corporation is doing business under the names Morgan Storage, Morgan Self Storage and www.morganstorage.com throughout the

United States and is doing business in the State of New Hampshire and in this judicial district. Morgan Storage is also the owner and operator of the domain names and websites available at <morganstorage.com>.  The Morgan Storage entities may hereinafter be referred to collectively and individually as "Morgan Storage."

3.     Upon information and belief, the owners of Morgan Storage are Charles W. Morgan and Laura Morgan who are residents of the State of New Hampshire and whose address mailing address is 1 Edward Circle, Bedford, NH 03110.  The Registered Agent of Morgan Development Corporation is Roy Tilsley, Esquire, 670 North Commercial Street, Manchester, NH  03101.

4.     This Court has subject matter jurisdiction because:  (1) this is an action arising under the Trademark Law of the United States joined with related state law claims, jurisdiction being conferred by 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and (2) this is an action between citizens of different states and in which the matter in controversy exceeds $75,000.00, exclusive of interest and costs, jurisdiction being conferred by 28 U.S.C. § 1332(a).  Jurisdiction over the related state and common law claims also arises under 28 U.S.C. §§ 1367 and 1338(b).  This Court has jurisdiction to award a declaratory judgment pursuant to 28 U.S.C. § 2201.

5.     This Court has personal jurisdiction over Defendants, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business nationally via the internet, including within this judicial district, a substantial part of the property that is the subject of this action is situated in this judicial district, and events giving rise to the claims alleged herein have occurred nationally and internationally, including within this judicial district.

## FACTS COMMON TO ALL CLAIMS

**I.     U-Haul and Its Famous U-HAUL® Marks**

6.      U-Haul International is a long-established company, and as a result of the business of its subsidiary companies, including U-Haul Co. of New Hampshire (collectively "the U-Haul Companies") is the leader in the do-it-yourself moving and storage industry.  As part of their business, the U-Haul Companies engage in both the self-storage business and the business of supplying moving equipment and rental vehicles such as vans, box trucks, and trailers to the public both directly and through their independent dealership programs.

### U-Haul International

7.      U-Haul International is the owner of the famous U-Haul® federally registered trademark.  Over a period of many years, as a result of extensive sales and advertising, the U-Haul Companies have developed and maintained substantial and valuable goodwill and reputation in its business operations and in its various trademarks and service marks, including the famous "U-Haul" mark alone and in various designs, formats and styles (the "U-Haul® Marks").  The U-Haul® Marks, which are famous in the United States, distinguish the U-Haul Companies' products and services from those of others and represent the high quality of the U-Haul Companies' many products and services.  The U-Haul Companies have used the U-Haul® Marks in interstate commerce since at least as early as October 15, 1945, in connection with their services and to identify its services and to distinguish its service from the services of others.  The U-Haul Companies have used the U-Haul® Marks in interstate commerce in connection with its services continuously and without interruption since at least as early as June 15, 1946.

8.      U-Haul International owns scores of federal registrations for moving related services.  Each registration gives the U-Haul Companies the exclusive right to use of a U-Haul® Mark.  *See* Declaration of John Taylor, ¶ 12 for a list of U.S. Registrations for the U-Haul®

Marks.  These registrations cover, among other goods and services, the rental of storage space, the rental of trucks and trailers, and rental and/or sales of other moving related items such as moving boxes, pads, tow bars hitches, dollies, carriers, hand trucks.  The U-Haul® Marks can only be used by or with the permission of U-Haul International.

9.      These United States trademark registrations are *prima facie* evidence of the ownership and validity of the U-Haul® Marks.  These registrations also demonstrate the wide scope of protection to which the U-Haul® Marks are entitled.  Moreover, most of the federal registrations of the U-Haul® Marks are incontestable pursuant to 15 U.S.C. § 1065 and constitute conclusive evidence of the U-Haul Companies' exclusive rights to use the U-Haul® Marks for the goods and services specified in the registrations pursuant to 15 U.S.C. §§ 1065 and 1115(b).

10.     The U-Haul Companies have invested a great deal of time and money in promoting their services under the U-Haul® Marks, and continue to use and promote these services under the U-Haul® Marks.  The U-Haul Companies have sold billions of dollars of their services and products under the U-Haul® Marks, and have expended millions of dollars in advertising and promotion in connection with the U-Haul® Marks.  By virtue of the U-Haul Companies' continuous, exclusive and widespread use, the U-Haul® Marks have acquired secondary meaning and are entitled to a broad scope of protection.

11.     As a result of the long-standing use by the U-Haul Companies of the U-Haul® Marks in connection with their services and products, the U-Haul Companies' services and products have earned substantial commercial success, acceptance, and goodwill and are now famous.  The U-Haul® Marks, and the goodwill and reputation associated therewith, are of inestimable value to the U-Haul Companies.

**<u>U-Haul Co. of New Hampshire</u>**

12.     U-Haul Co. of New Hampshire is engaged in the business of supplying moving equipment to the public at large, including the New Hampshire counties of Hillsborough and Rockingham.  Such moving equipment includes, but is not limited to, trucks, vans, pick-up trucks, open and closed trailers, and other moving related items that are rented and sold to individuals and businesses seeking to transport property from one location to another.

## Company Contract

13.     U-Haul Co. of New Hampshire's relationship with U-Haul International is formalized in a U-Haul Rental Company Contract (the "Company Contract").  The Company Contract grants U-Haul Co. of New Hampshire the exclusive right to operate as a rental company for U-Haul® branded equipment in portions of New Hampshire.

14.     The Company Contract also provides "That [U-Haul Co. of New Hampshire] shall exercise all reasonable means to protect the name 'U-HAUL' from infringement by any other equipment rental or similar business in the territory and [U-Haul Co. of New Hampshire] shall use the name U-HAUL Co., or U-HAUL Co., Inc. or U-HAUL Rental Co. in its business name."

15.     The Company Contract also provides "That [U-Haul International] hereby grants [U-Haul Co. of New Hampshire] the right to use any trademark and/or trade name that [U-Haul International] now owns or may hereafter acquire relative to the equipment rental business in the territory."

## Dealership Contracts

16.     As part of its business, U-Haul Co. of New Hampshire enters into "Dealership Contracts" with other entities and individuals ("U-Haul Dealers" or "Dealers") to serve as agents for the rental and sale of U-Haul® branded vehicles and related equipment.

17.     The U-Haul Dealers have pre-existing business operations on their premises and enter into Dealership Contracts with U-Haul to maximize the use of their respective premises with U-Haul[®] branded equipment.  While the Dealers have a limited license to use the U-Haul[®] Marks in connection with the rental equipment, the Dealership Contracts do not convey permission to use the famous U-Haul[®] Marks on the internet.

**II.     Defendants and Their Unauthorized Use of the Famous U-Haul[®] Marks By Renting Competitor's Vehicles Even Though They Still Advertise Themselves As A U-Haul Location on Their Website**

18.     Morgan Development Corporation is the owner and operator of a self-storage business that operates under the name "Morgan Self-Storage" and "Morgan Storage" via the Yellow Pages and internet with locations in Manchester, NH and Salem, NH.

19.     Morgan Storage entered into two (2) Dealership Contracts with U-Haul Co. of New Hampshire for two of its New Hampshire locations.  *See* Declaration of R. Matthew Cairns, ¶ 5, Exhibits 2 and 3 for the two (2) contracts.  Although the Dealership Contract contains a limited license of the U-Haul[®] Marks in connection with the rental of moving equipment and vehicles, the Dealership contract does not authorize use of the U-Haul[®] Marks on the internet.

20.     The Dealership Contracts between U-Haul Co. of New Hampshire and Morgan Storage state as follows with regard to the U-Haul[®] Marks:

> U-Haul grants to Dealer a non-exclusive... license to use the trademark "U-Haul" and other U-Haul trademarks, service marks, brandnames and trade dress (herein the "U-Haul Marks")…. in connection with the dealership, the terms of this agreement and in accordance with U-Haul policies.  The dealer shall not use the U-Haul Marks or any U-Haul logo… in any promotion, telephone listing or Yellow Pages Directory advertisement, domain name, internet or other computer site or otherwise without the prior and specific written consent of the U-Haul President.  Except as specifically provided by the terms of this Agreement, no right, property, license, permission or interest of any kind in or to the U-Haul Marks . . . is or is intended to be given or transferred to or

acquired by Dealer.  Dealer shall in no way contest or deny the validity of, or the use, right or title of U-Haul, in or to the U-Haul Marks . . . and shall not encourage or assist others directly or indirectly to do so.  Dealer shall not utilize the U-Haul Marks . . . in any manner that would diminish their value or harm the reputation of U-Haul.  This limited license shall terminate immediately upon termination of this Agreement, and Dealer agrees to pay to U-Haul all benefits Dealer may receive from the U-Haul Marks  . . . thereafter.  Upon termination of this Dealership, Dealer immediately shall discontinue all use of the U-Haul Marks . . . and surrender to U-Haul all U-Haul equipment, signs, documents, as well as any other materials bearing the U-Haul Marks, and make no further use of any signs, graphics and materials.

*See* Cairns Decl. ¶ 5, Exhibits 2 and 3, pp 4-5, ¶ 3.e.

21.     The Dealership Contracts provide that the Dealer acknowledges that any goodwill which may accrue as a result of the Agreement shall be for the benefit of the U-Haul Companies. The Dealer further agrees that any goodwill or other value that may arise from Dealer's use of "the U-Haul[®] Marks, U-Haul Intellectual property, or U-Haul confidential information will belong exclusively to U-Haul."  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, p 6, ¶ 4.g.

22.     On or about October 30, 2009, Morgan Storage closed its U-Haul operations.  On information and belief, beginning in sometime in 2010, while the Dealership Contracts executed with U-Haul Co. of New Hampshire still controlled, and while still advertising themselves as a U-Haul dealer, Morgan Storage began renting Penske moving vehicles from its locations in Bedford and Salem.

23.     Defendants continued to use U-Haul's marks in advertisements and on the internet after they began to rent competitor's equipment.

24.     Defendants' use of the U-Haul[®] Marks and U-Haul's name on the <morganstorage.com> website has been done without permission of Plaintiffs, and contains literally false misrepresentations.

7

III.    **Defendants Do Not Have Plaintiffs' Permission to Use the Famous U-Haul® Mark**

25.    Defendants' use of the U-Haul® Marks in the above-described manners creates the false impression that Defendants' services are provided by or connected, associated or affiliated with the U-Haul Companies, resulting in Defendants' trading on the U-Haul Companies' goodwill, and creating a false impression of a connection, affiliation, associate, sponsorship, or approval of or between the U-Haul Companies and Defendants, all causing irreparable injury to Plaintiffs.  Plaintiffs have not given Defendants permission to use the famous U-Haul® Marks in any manner in connection with their internet advertising and certainly have not given Defendants permission to continue to use the U-Haul marks after Defendants began to rent a competitor's equipment.

26.    Defendants are improperly passing off their business as being connected to U-Haul®'s services by using the U-Haul® Marks on their internet site.

27.    Defendants are improperly benefiting from the goodwill that the U-Haul Companies developed in the famous U-Haul® Marks.

28.    Defendants are diluting the famous U-Haul® Marks.

29.    Defendants' use of the U-Haul® Marks and U-Haul's name on its <morganstorage.com> website is a breach of the Dealership Contracts with U-Haul Co. of New Hampshire under paragraph 3.e., of the Contracts.  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, pp. 4-5, ¶ 3.e.

VII.    **Defendants Non-Competition Agreement with U-Haul Co. of New Hampshire**

30.    Morgan Storage has a pre-existing, primary self-storage business operating at each of its New Hampshire locations.  It used the Dealership Contracts with U-Haul Co. of New Hampshire to maximize its use of its premises.

31.     In selecting its dealers, U-Haul Co. of New Hampshire invests a substantial amount of time, effort and expense investigating and determining which entities and individuals and their premises would offer the best opportunity for access for customers, rental moving equipment visibility, marketing potential, and a mutually beneficial business opportunity.

32.     The Dealers, subject to the terms of their Dealership Contracts, enjoy a non-exclusive and limited license to use U-Haul® Marks in connection with the Dealerships. *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, pp. 4-5, ¶ 3.e.

33.     Specifically, two Dealership Contracts have been executed that relate to Morgan Storage's and U-Haul Co. of New Hampshire's business relationship.  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3.  U-Haul Co. of New Hampshire and Morgan Storage began their business relationship as it relates to these Dealers on the following dates for the respective Morgan Storage dealerships:  1) September 25, 2006 – 8 Willow St. in Salem, New Hampshire; and 2) September 25, 2006 – 400 Bedford St. in Manchester, New Hampshire.  These contracts were executed Charles W. Morgan who in at least one of the documents identified himself as the President of Morgan Storage.

34.     The Dealership Contracts provide that "U-Haul hereby appoints Dealer as an agent for the Equipment for and on behalf of U-Haul."  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, p. 1, ¶ 1.

35.     The Dealership Contracts further provide that "Dealer shall effectively promote all Equipment rentals at the Dealer Location including, but not limited to, properly cleaning and displaying the Equipment."  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, p. 5, ¶ 4.a.

36.     Upon information and belief, Morgan Development Corporation owns the property from which Morgan Self Storage operates its 8 Willow St., Salem, New Hampshire U-

Haul® Branded rental equipment business and independent, self-storage business.  Upon information and belief, Bejoc Holdings, LLC (Charles W. Morgan, Manager) owns the property from which Morgan Storage operates its 400 Bedford St., Manchester, New Hampshire U-Haul® Branded rental equipment business and independent, self-storage business.  See Cairns Decl. ¶ 5, Exhibits 2 and 3.

### Morgan Storage's Noncompetition Agreements

37.     Under the Dealership Contracts, U-Haul Co. of New Hampshire and Morgan Storage voluntarily entered into the noncompetition provisions in exchange for valuable consideration.  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, pp. 6-7, ¶ 4.i.  Specifically, the consideration provided to Morgan Storage in exchange for the noncompetition covenants was the right to use the U-Haul® Marks, rent U-Haul® Branded rental moving equipment, use U-Haul® services and use Plaintiffs' trade secrets, confidential and proprietary information.

38.     In the Dealership Contracts signed by U-Haul Co. of New Hampshire and Morgan Storage, Morgan Storage represented, warranted, and covenanted that:

> [Morgan Storage] represents, warrants and covenants that, during the term of this Agreement, [Morgan Storage], for itself, its heirs, assigns, successors, shareholders, officers, directors, employees, principles, partners, agents, managers and members, shall not engage in any equipment rental business at the Dealer Location or at any other place which offers the rental of equipment that is similar to that offered by U-Haul (including but not limited to Budget, Penske or Enterprise rental equipment).  Upon termination of this Agreement for any reason, [Morgan Storage] warrants, covenants and agrees that, at the Dealer Location and within a three (3) mile radius of the Dealer Location, [Morgan Storage], its heirs, assigns, successors, shareholders, officers, directors, employees, principals, partners, agents, managers and members shall not engage in or represent or render any service (including but not limited to the lease of, or other provision of, lot or office space at Dealer Location) either on its own behalf or in any capacity for any other person or entity engaged in any equipment rental business similar to that operated by U-Haul (including but not limited to Budget, Penske or Enterprise rental equipment business) for the duration of any then-existing or contracted-for U-Haul telephone directory listing(s) and/or U-Haul Yellow Pages Directory advertisement that includes the [Morgan Storage] address.

[Morgan Storage] acknowledges and agrees that for a minimal charge it receives a considerable benefit from its access to and use of Web B.E.S.T.  And where applicable, [Morgan Storage] further acknowledges and agrees that it receives a considerable benefit from its inclusion in any U-Haul Yellow Pages Directory advertisement at U-Haul's cost.  Therefore, **[Morgan Storage] hereby further agrees to extend the noncompetition obligation of [Morgan Storage] as set forth above to cover the rental of do-it-yourself moving equipment for a period of one (1) year after termination of all other accumulated Dealer noncompetition obligations as set forth above.**

[Morgan Storage] acknowledges and agrees that any breach of this noncompetition covenant shall cause U-Haul irreparable harm and as a result, U-Haul shall have no adequate remedy at law.  Furthermore, [Morgan Storage] acknowledges and agrees that U-Haul has the right to seek and obtain injunctive relief against any breach of the noncompetition covenant of the Agreement.  In the event any part of this provision is determined to be unenforceable by a court of competent jurisdiction, the remainder of this provision shall be enforceable to the fullest extent permitted by such court.

*See* Cairns Decl. ¶ 5, Exhibits 2 and 3, pp. 6-7, ¶ 4.i (emphasis added).

39.     In short, under the Dealership Contract, Morgan Storage agreed not to engage in any moving truck and trailer rental business similar to that operated by U-Haul Co. of New Hampshire within a three-mile radius of a given location for the duration of any telephone directory listings in which that location was identified as a U-Haul® branded dealer, plus one year.

40.     Further, Charles W. Morgan, as President of Morgan Storage, executed various Addenda including "Rotation Truck Agreements" and "Co-Branded Storage Truck Agent Rental Program ("Co-Star Program") Agreements."  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3.  The execution date of the Rotation Truck Agreement and the Co-Star Program Agreement for Morgan Storage's Salem, New Hampshire dealership location was September 25, 2006.  Cairns Decl. ¶ 5, Exhibit 2.  The execution date of the Co-Star Program Agreement for Morgan Storage's Manchester, New Hampshire dealership location was March 3, 2006.  Cairns Decl. ¶ 5,

Exhibit 3.

41.     The Rotation Truck Agreements and Co-Star Program Agreements reiterate and

reaffirm Morgan Storage's non-competition obligations:

> <u>Noncompetition Covenant</u>.   Dealer represents, warrants and covenants that,
> during the term of this Addendum, Dealer, for itself, its heirs, assigns, successors,
> shareholders, officers, directors, employees, principals, partners, agents, managers
> and members, shall not engage in any rental business at the Dealer Location or at
> any other place which offers the rental of equipment similar to that offered by U-
> Haul.   Upon termination of this Agreement for any reason, Dealer warrants,
> covenants, and agrees that, at the Dealer Location and within the greater of a three
> (3) mile radius of the Dealer Location or the geographical limits of the county of
> the Dealer Location, Dealer, its heirs, assigns, successors, shareholders, officers,
> directors, employees, principals, partners, agents, managers and members, shall
> not represent or render any service either on its own behalf or in any capacity for
> any other person or entity engaged in any rental business similar to that operated
> by U-Haul for the duration of the then-existing or contracted-for telephone
> directory listing(s) for the Dealer Location **and further agrees to extend the
> noncompetition obligation of Dealer as set forth in the Dealership Contract
> to cover the rental of do-it-yourself moving equipment for a period of one (1)
> year after termination of all other accumulated Dealer noncompetition
> obligations under the Dealership Contract and the related Addenda.**   In the
> event any part of this paragraph is determined to be unenforceable by a court of
> competent jurisdiction, the remainder of this paragraph shall be enforceable to the
> fullest extent permitted by such court.

*See* Cairns Decl. ¶ 5, Exhibits 2 and 3, Rotation Truck Agreement, ¶ 3 and Co-Star
Program Agreement, ¶ 3 (emphasis added).

42.     Pursuant to the terms of the Dealership Contracts, the Rotation Truck

Agreements, and the Co-Star Program Agreements, Morgan Storage was authorized to rent U-

Haul® branded trucks and trailers at its businesses located at:  1) September 25, 2006 – 8 Willow

St. in Salem, New Hampshire; and 2) September 25, 2006 – 400 Bedford St. in Manchester, New

Hampshire.  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3.

<u>**U-Haul Co. of New Hampshire incurred substantial costs, time, and effort in
establishing Morgan Storage as a U-Haul® branded Dealer at its New Hampshire
locations**</u>

43.     U-Haul Co. of New Hampshire trained Morgan Storage's employees in every

aspect of U-Haul Co. of New Hampshire's business, assisting it in the collection of data, in preparation of weekly reports, providing signage and other identifying materials, providing U-Haul Co. of New Hampshire documentation and making available additional support on an "as-needed" basis.

44.     U-Haul Co. of New Hampshire advertises itself as well as the Dealers' locations in various Yellow Page Directories.  All of the advertisements feature, at a minimum, the "U-HAUL" mark and at a maximum feature other U-Haul® Marks and other artwork.

45.     Pursuant to the terms of the Dealership Contracts, the Rotation Truck Agreements, and the Co-Star Program Agreements, and with Morgan Storage's knowledge and consent, U-Haul Co. of New Hampshire identified Morgan Storage as a U-Haul Dealer by publishing the address of Morgan Storage's two New Hampshire locations in certain advertisements in various local Yellow Pages directories.  These advertisements, which include the famous "U-HAUL" trademark, were placed under the headings:  "Truck Renting," "Trailer Renting," and "Moving Equipment and Rental."  Morgan Storage's address in these advertisements cannot be removed from these Yellow Pages directories until the following dates: 1) March 30, 2011 – 8 Willow St. in Salem, New Hampshire; and 2) November 30, 2010 – 400 Bedford St. in Manchester, New Hampshire. Thus, Morgan Storage's obligations under the non-competition covenants do not expire until the following dates for the respective Morgan Storage locations:  1) March 30, 2012 – 8 Willow St. in Salem, New Hampshire; and 2) November 30, 2011 – 400 Bedford St. in Manchester, New Hampshire.

46.     It is U-Haul Co. of New Hampshire's experience throughout its longstanding history in the business of renting moving equipment like trucks and trailers that customers very frequently use the Yellow Pages to find a U-Haul® branded location and even retain and continue

to use the previous year's Yellow Pages for that same purpose.  It has also been U-Haul Co. of New Hampshire's experience that a significant portion of the Dealers' business, including that at Morgan Storage's two (2) New Hampshire locations, is obtained from "walk-ins" (including former customers and local residents) who have become familiar with Morgan Storage locations being U-Haul® branded dealerships, especially because the U-Haul® branded dealership on the premises dates back as follows:  1) September 25, 2006 – 8 Willow St. in Salem, New Hampshire; and 2) September 25, 2006 – 400 Bedford St. in Manchester, New Hampshire.

## U-Haul Co. of New Hampshire's Trade Secrets

47.    Pursuant to its efforts to assist Morgan Storage in establishing and operating its two (2) New Hampshire dealerships, U-Haul Co. of New Hampshire supplied Morgan Storage with a login and password for <uhauldealer.com>, which contains confidential trade secrets and proprietary information about U-Haul® products and services, including pricing information, marketing and sales strategies, organizational, management and operational information, and a confidentiality statement that must be agreed to prior to each use of the <uhauldealer.com> website.  Most notably, the website <uhauldealer.com> gives Morgan Storage (and other dealers) access to Plaintiffs' Web B.E.S.T. software which is proprietary software that allows Morgan Storage to automate its dealer activities.

48.    The information contained on <uhauldealer.com> was specifically developed by the U-Haul Companies after a considerable amount of time and expense.  The information is not generally known in the rental equipment industry and was disclosed in strict confidence to Morgan Storage under non-disclosure obligations in the Dealership Contracts which are intended to maintain the security and confidentiality of the information.

## Morgan Storage's Breach of the Non-Competition Covenant

49.     Morgan Storage effectively terminated its business relationship with U-Haul Co. of New Hampshire when it began renting a competitor's vehicles at the previously identified two New Hampshire locations.

50.     Plaintiffs have recently learned that Morgan Storage has entered into a business relationship with one of the U-Haul Companies' competitors to rent trucks at the same locations from which it previously rented U-Haul® branded vehicles, which is in direct violation of the non-competition provisions of the Dealership Contract.

51.     Given Morgan Storage's (1) longstanding status as a Dealer, including its many rentals of U-Haul® branded equipment over the years at its two (2) New Hampshire locations, since the creation of its relationship with U-Haul Co. of New Hampshire; (2) U-Haul Co. of New Hampshire's advertising Morgan Storage's two New Hampshire locations in the Yellow Pages Directories; and (3) Morgan Storage's use of U-Haul International, Inc.'s and U-Haul Co. of New Hampshire's goodwill and other marketing investments, there exists a substantial likelihood of confusion in the marketplace among rental moving equipment customers if Morgan Storage continues to rent a competitor's trucks.  Morgan Storage's improper rental of a competitor's trucks is likely to mislead, deceive or confuse customers and prospective customers of U-Haul Co. of New Hampshire into believing that Morgan Storage's location is still authorized to rent equipment comparable or superior to U-Haul Co. of New Hampshire's equipment.  This will cause customer confusion or customer diversion to the rental of a competitor's trucks and related equipment, with the potential of causing injury to U-Haul International, Inc.'s and U-Haul Co. of New Hampshire's reputation for reliability and consistency.  This customer confusion and customer diversion naturally and directly will cause a loss of business and goodwill of the U-Haul® Marks, loss of reputation and loss of trademark/brand name loyalty, which loss is

irreparable and cannot be completely remedied by monetary damages.

52.    The noncompetition covenants are reasonable in scope and duration and are necessary to protect U-Haul Co. of New Hampshire's legitimate business interests, including trade secrets, confidential business information, U-Haul Co. of New Hampshire's goodwill, customer goodwill, investment in advertising, and substantial relationships with existing or prospective customers.

53.    The noncompetition covenants do not prevent Morgan Storage from carrying on its primary business operations as the covenants focused specifically and strictly on the rental of equipment similar to U-Haul Co. of New Hampshire' equipment, and the assignment of rotation fleet trucks.  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3.

## COUNT I

### Federal Trademark Infringement - 15 U.S.C. § 1114 and<br>False Designation of Origin - 15 U.S.C. § 1125(a)

54.    Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs as though fully set forth herein.

55.    As a result of its unauthorized use of the U-Haul® Marks in connection with its <morganstorage.com> listings, Defendants are likely to cause confusion or mistake or to deceive the public, in violation of the Trademark Laws of the United States, 15 U.S.C. §1114.

56.    As a result of its unauthorized use of the U-Haul® Marks in connection with its <morganstorage.com> listings, Defendants are likely to mislead prospective purchasers as to the affiliation, connection, or association of Defendants or Defendants' products with the U-Haul Companies or U-Haul® services, or as to the origin, sponsorship or approval of Defendants' storage services by the U-Haul Companies, causing purchasers to rely thereon, in violation of the Lanham Act, 15 U.S.C. §1125(a).

16

57.     Defendants' acts were willful and were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of the U-Haul Companies and the U-Haul® Marks for its services, and to mislead the public into believing that there is a connection, affiliation, or association between Defendants or their services and the U-Haul Companies and their services.

58.     By reason of Defendants' acts, Plaintiffs have suffered and will continue to suffer damage and injury to their business, reputation, and goodwill, and will sustain loss of revenues and profits.

59.     Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT II

### False Advertising – 15 U.S.C. § 1125 (a)(1)(B)

60.     Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs as though fully set forth herein.

61.     Defendants' actions as described above involve false or misleading representations of fact regarding U-Haul® services and Defendants' services.

62.     On their <morganstorage.com> website, Defendants list U-Haul® branded rental equipment in connection with their truck rental services even though they currently rent a competitor's equipment.  This reference in connection with the unauthorized use of the U-Haul® Marks, however, is literally false, false by necessary implication or misleading advertising in nature and quality because Morgan Storage rents a competitor's equipment, not U-Haul® branded equipment.

63.     Defendants have engaged in commercial activities in violation of 15 U.S.C. §1125 (a)(1)(B) in their commercial advertisement or promotion concerning the nature, characteristics and qualities of their goods and services and false and deceptively misleading representations of fact.

64.     Upon information and belief, Defendants' use of the U-Haul® Marks and hyperlinks as described above at the <morganstorage.com> website have deceived or have a tendency to deceive a substantial segment of the consumers or potential consumers of truck rental services.

65.     Defendants' false and misleading representations and actions are material in that they are likely to influence the purchasing decisions of consumers and have deceived or are likely to deceive consumers into, among other things, purchasing truck rental services from Defendants and unfairly and unlawfully shifting income and profit from Plaintiffs to Defendants.

66.     By displaying and distributing the advertising on their website, Defendants have caused their false and misleading representations and actions to enter interstate commerce.

67.     On information and belief, Defendants' false and misleading representations and actions regarding its services are deliberate, willful, malicious and fraudulent, in bad faith, and designed to deceive consumers and constitute violations of 15 U.S.C. §1125(a).

68.     As a result of Defendants' conduct, Plaintiffs have been or are likely to be injured, either by direct diversion of sales from themselves to Defendants, or by loss of goodwill associated with its equipment rental business.

69.     As a direct and proximate result of Defendants' actions, Plaintiffs have been and are likely to continue to be damaged, and Plaintiffs are entitled to the remedies and compensation as provided in 15 U.S.C. §§ 1114, 1116, and 1117.

70.     Plaintiffs also have no adequate remedy at law for the continuing violations, including advertising, and promotion on the <morganstorage.com> website that is false on its face, as set forth herein and are being irreparably harmed by Defendants' actions, and, thus, Plaintiffs are entitled to injunctive relief.

## COUNT III

### Federal Trademark Dilution - 15 U.S.C. § 1125

71.     Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs though fully set forth herein.

72.     Defendants' intentional and unlawful use of the U-Haul® Marks in commerce as described above constitutes trademark dilution in violation of the Trademark Laws of the United States, 15 U.S.C. § 1125.

73.     The U-Haul® Marks are famous.

74.     Defendants' use of the U-Haul® Marks as described above is causing dilution of the distinctive qualities of the U-Haul® Marks.

75.     Upon information and belief, Defendants' violations of United States Trademark Laws have been and are deliberate, willful, malicious and fraudulent because Defendants are intentionally trading on the Plaintiffs' reputation and causing dilution of the famous U-Haul® Marks.

76.     As a direct and proximate result of Defendants' trademark dilution, Plaintiffs have been and are likely to continue to be damaged, and Plaintiffs are entitled to the remedies and compensation as provided in 15 U.S.C. §§ 1114, 1116, and 1117.

77.     Plaintiffs also have no adequate remedy at law for the continuing violations as set forth herein and are being irreparably harmed by Defendants' actions, and, thus, Plaintiffs are

entitled to injunctive relief.

## COUNT IV

### Unfair Competition - Common Law

78.     Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs as though fully set forth herein.

79.     By their actions described above, Defendants have engaged in unfair competition in violation and derogation of Plaintiffs' rights.  Defendants' actions are likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship or quality of U-Haul® services, thereby causing loss, damage, and injury to Plaintiffs and their customers.

80.     Upon information and belief, Defendants knew, or in the exercise of reasonable care should have known, that their conduct would likely so mislead the public.

81.     Upon information and belief, Defendants' wrongful acts have permitted or will permit Defendants to make substantial sales and profits on the strength of the U-Haul® Marks, its assets, marketing activities, sales and consumer recognition.

82.     Defendants' actions constitute infringement of Plaintiffs' common law rights and improper and unfair competition.

83.     Defendants' unauthorized use of the U-Haul® Marks was undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiffs and the U-Haul® Marks and to mislead the public into believing there is a connection, affiliation, or association between Defendants or their services and Plaintiffs and their services and as such constitutes intentional and willful conduct.

84.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have

been damaged.

85.     Plaintiffs also have no adequate remedy at law for the continuing violations as set forth herein and are being irreparably harmed by Defendants' actions, and, thus, Plaintiffs are entitled to injunctive relief.

## COUNT V

### Breach of Contract

86.     Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs as though fully set forth herein.

87.     Defendant Morgan Storage entered into valid and binding contracts in the form of the Dealership Contracts with U-Haul Co. of New Hampshire.  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3.

88.     U-Haul Co. of New Hampshire fully performed all of its obligations under the Dealership Contracts.

89.     Morgan Storage breached the terms of the Dealership Contracts by using and continuing to use the U-Haul® Marks as described above without the prior specific and written consent of U-Haul Co. of New Hampshire's President.

90.     Morgan Storage's use of the U-Haul® Marks as described above violated paragraph 3.e., of the Dealership Contracts.  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, pp. 4-5, ¶ 3.e.

91.     Paragraph 3.e. of the Dealership Contracts provides "This limited license shall terminate immediately upon termination of this Agreement, and Dealer agrees to pay U-Haul all benefits Dealer may receive from the U-Haul Marks . . .  thereafter."  *Id.*

92.     Morgan Storage's use of the U-Haul® Marks as described above also violated

paragraph 4.g. of the Dealership Contracts, which provides:

> "<u>Goodwill.</u>  Dealer acknowledges that any goodwill which may accrue as a result of this Agreement shall be for the benefit of U-Haul.  Dealer further agrees that any goodwill or other value that may arise from Dealer's use of the U-Haul Marks, U-Haul Intellectual property, or U-Haul confidential information will

belong exclusively to U-Haul." *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, p 6, ¶ 4.g.

93.     Morgan Storage also breached the non-competition provisions of the Dealership Contracts, which are no more restrictive than necessary to protect the U-Haul Companies' legitimate  interests, do not impose an undue hardship on Plaintiffs, and do not injure the public interest.  Defendants breached the provisions when they entered into a business relationship with the U-Haul Companies' competitors to rent trucks, while Defendants were still identified as a U-Haul® branded dealer in telephone directory listings, at the same locations from which they previously rented U-Haul® branded vehicles.

94.     As a direct and proximate result of Defendants' breaches of the Dealership Contracts, Plaintiffs have been damaged.

95.     Plaintiffs also have no adequate remedy at law for the continuing breaches as set forth herein and are being irreparably harmed by Defendants' actions, and, thus, Plaintiffs are entitled to injunctive relief.

96.     In addition, Plaintiffs are entitled to its reasonable attorneys' fees, costs and expenses pursuant to paragraph 6 of the Dealership Agreements.  *See* Cairns Decl. ¶ 5, Exhibits 2 and 3, p. 7, ¶ 6.

## COUNT VI

### Unfair Competition/Deceptive Trade Practices – RSA 358-A

97.     Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs as though fully set forth herein.

98.     As a result of their unauthorized use of the U-Haul® Marks in connection with their services, Defendants are likely to cause confusion or to cause mistake or to deceive the public, in violation of RSA 358-A:2, *et seq.*

99.     Defendants are likely to mislead prospective consumers as to an affiliation, connection, or association of Defendants or their services with Plaintiffs or their services, or as to the origin, sponsorship, or approval by Plaintiffs of Defendants' services, causing purchasers to rely thereon, in violation of RSA 358-A:2(III).

100.    Defendants' acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiffs and Plaintiffs' U-Haul® Marks, and to mislead the public into believing that there is a connection, affiliation, or association between Defendants or its services and Plaintiffs and their services.

101.    By reason of Defendants' acts, Plaintiffs have suffered and will continue to suffer damage and injury to their business, reputation, and goodwill, and will sustain loss of revenues and profits.

102.    Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT VII

### Declaratory Judgment

103.    Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs as though fully set forth herein.

104.    An actual controversy exists between U-Haul Co. of New Hampshire and Morgan Storage related to the Dealership Contracts, the Rotation Truck Agreements, and the Co-Star Program Agreements, and is present, substantial, and justiciable, and sufficiently invokes this Court's powers pursuant to 28 U.S.C. § 2201, *et seq*. to declare the rights and liabilities of the parties.

105.    Resolving this controversy will terminate the dispute between U-Haul Co. of New Hampshire and Defendants related to the Dealership Contracts, the Rotation Truck Agreements, and the Co-Star Program Agreements with respect to whether the noncompetition clauses in the Dealership Contracts, the Rotation Truck Agreements, and the Co-Star Program Agreements preclude Defendants from entering into equipment rental contracts with competitors and renting U-Haul Co. of New Hampshire's competitors' equipment to the public within three miles of Morgan Storage's current locations until the following dates:  1) March 30, 2012 – 8 Willow St. in Salem, New Hampshire; and 2) November 30, 2011 – 400 Bedford St. in Manchester, New Hampshire.

106.    Defendants' conduct is without reasonable basis, in bad faith, and has impaired the benefits of U-Haul Co. of New Hampshire' contractual relationship with Morgan Storage.

## JURY DEMAND

107.    Plaintiffs request a trial by jury on all of its claims so triable, other than their request for injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and the Court grant the following relief:

A.    A preliminary and permanent injunction enjoining and restraining Defendants, their associates, agents, servants, employees, officers, directors, representatives, successors, assign, affiliates, attorneys and all persons in active concert or participation with them who learn of the injunction through personal service or otherwise (1) from using the U-Haul® Marks and any other name or mark that consists of "U-Haul"; (2) from representing that Defendants or their services are authorized, sponsored, endorsed or otherwise connected with Plaintiffs or the other

U-Haul Companies; (3) from any other conduct which causes, or is likely to cause confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Defendants with Plaintiffs or the other U-Haul Companies; and (4) requiring Defendants to file with the Court and serve on U-Haul, within thirty (30) days after the service on Defendants of such injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the injunction.

 B. An award of: (1) Defendants' profits earned as a result of its wrongful actions; (2) any damages sustained by Plaintiffs as a result of Defendants' wrongful actions; and (3) the costs and expenses incurred by Plaintiffs herein.

 C. A judicial declaration that Morgan Storage has breached the Dealership Contracts.

 D. A judicial declaration that: (1) Morgan Storage has a duty to refrain from entering into equipment rental contracts with competitors within three miles of their current locations and to refrain from renting U-Haul's competitor's equipment until the following dates for the respective Morgan Storage locations:  1) March 30, 2012 – 8 Willow St. in Salem, New Hampshire; and 2) November 30, 2011 – 400 Bedford St. in Manchester, New Hampshire.; and (2) Morgan Storage must reimburse U-Haul Co. of New Hampshire for its attorneys' fees, costs and expenses in accordance with the Dealership Contracts provisions.

 E. Plaintiffs' costs of this suit, including reasonable attorneys' fees and expenses.

 F. Pursuant to 15 U.S.C. § 1118, the destruction of all business cards, invoices, forms, advertisements, promotional materials, packaging, products or any other materials bearing the U-Haul® Marks or any other wrongful use of the U-Haul name.

 G. Treble damages pursuant to 15 U.S.C. § 1117(b) as result of Defendants' willful acts of infringement and wrongful conduct.

H.      Applicable statutory damages.

I.      Punitive damages.

J.      For such orders, including injunctive relief, as are necessary to preserve this

Court's jurisdiction over the parties and issues.

K.      All other just and proper relief.


DATED:  April 9, 2010

                              Respectfully submitted,

                              **U-HAUL INTERNATIONAL, INC. and U-
                              HAUL CO. OF NEW HAMPSHIRE, INC.,**


                              /s/ R. Matthew Cairns_____
                              R. Matthew Cairns (#411)
                              Samantha D. Elliott (#17685)
                              Gallagher, Callahan & Gartrell
                              214 North Main Street
                              Box 1415
                              Concord, NH 03302-1415
                              603-228-1181
                              cairns@gcglaw.com
                              elliott@gcglaw.com